PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS GABRIEL PEREZ VALENCIA, | ) | |
| | ) | CASE NO. 4:11cv139 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **& ORDER** |

*Pro se* Plaintiff Carlos Gabriel Perez Valencia filed this *Bivens*[1] action against Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC") Warden Roddie Rushing, NEOCC Health Services Administrator Ms. Orenic, NEOCC Health Services Administrator D. Hivner, [2] and NEOCC Physician's Assistant ("PA") Danny Hall. In the Complaint, Valencia alleges that he has been denied appropriate medical care. He seeks monetary and injunctive relief. ECF No. 1.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971). Valencia is a federal prisoner, in the custody of the Bureau of Prisons. *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

[2] Valencia identifies both Ms. Orenic and Ms. Hivner as the NEOCC Health Services Administrator ("HSA"). He lists Ms. Orenic in the case caption, and lists Ms. Hivner in the body of the Complaint in the section he identifies as "parties". ECF No. 1 at 2. It is not clear as to which individual Valencia intended to include in this action. The Court therefore liberally construes this Complaint to include both Ms. Orenic and Ms. Hivner.

(4:11cv139)

## I. Background

Valencia is a federal prisoner incarcerated at NEOCC, a private prison owned by CCA. He reported to medical personnel at NEOCC that he was experiencing headaches. He asked for a general physical examination but was told that those examinations were given only every two years. He was instructed to sign up for sick call if he had a problem. He contends that PA Hall told him his headaches were caused by allergies. He disputes this diagnosis and states that the treatments he received were ineffective. He asserts that the Defendants have been deliberately indifferent to his serious medical needs. ECF No. 1 at 3-5.

Valencia also asserts that he was denied due process. He states that he filed an Informal Complaint Resolution form on July 30, 2010. He indicates that it was never answered. He filed a formal grievance on October 24, 2010 to request medical attention for his headaches, but his grievance was denied. He concludes that the deliberate indifference of his medical needs deprives him of his rights under the Due Process Clause. ECF No. 1 at 6-7.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

(4:11cv139)

fact.³ *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. LAW AND ANALYSIS

---

³ An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

(4:11cv139)

**A. <u>Parties</u>**

CCA is not a proper party to this action. CCA, which owns and operates NEOCC, is a private corporation. A private corporation cannot be sued for damages under *Bivens*. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001). *Bivens* provides a cause of action against individual officers, acting under color of federal law, alleged to have acted unconstitutionally. *Id.* at 70. The Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* Also, a *Bivens* action cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government. *Id.*

Although *Bivens* claims can be brought against individuals, there are no allegations against Warden Roddie Rushing in the Complaint. A Plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint contains no facts which reasonably associate Rushing to any of the actions upon which this action is based.

It is possible Valencia included the Warden as a Defendant simply because he supervises all prison activities. The theory of *respondeat superior*, however, is fundamentally inconsistent with a *Bivens* cause of action. *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir.1978). In order for liability to attach to a supervisor, a plaintiff must prove that the supervisor played more than a passive role in the alleged violations or

(4:11cv139)

showed mere tacit approval of the actions of employees. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Plaintiff must show that the supervisor actively engaged in unconstitutional behavior or somehow encouraged or condoned the conduct. *Id.* Liability cannot be based upon a mere failure to act or rely on the mere right to control employees. *Id.* Valencia does not allege Rushing was involved in the decisions concerning his healthcare. Therefore, Rushing cannot be held liable for damages for the actions of others.

### B. Eighth Amendment

Valencia first claims the defendants were deliberately indifferent to his serious medical needs. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by

5

(4:11cv139)

obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Valencia disagrees with the diagnosis he received from P.A. Hall, and seeks a general physical examination to determine the true cause of his headaches. Even assuming P. A. Hall's diagnosis of allergies is mistaken, Valencia has not stated a claim of constitutional proportion. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence in diagnosing or treating a medical condition does not state a valid Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Medical malpractice does not become a constitutional violation merely because the Plaintiff is a prisoner. *Id.* Furthermore, federal courts generally refrain from second guessing medical judgments to make constitutional claims which fall within the parameters of state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Valencia's claim, at best, is one of medical malpractice. He has not, however, alleged facts in the Complaint to suggest Hall or the Health Services Administrator acted with a degree of culpability greater than mere negligence.

(4:11cv139)

## C. Due Process

Finally, Valencia claims he was denied due process when NEOCC officials failed to respond favorably to his grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability in a civil rights action. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Denial of a grievance is not the same as denial of medical care. *Id.*

## IV. Conclusion

For the reasons above, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

| July 5, 2011 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] 28 U.S.C. § 1915(a)(3) provides:

>An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

7